UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

ALPINE CAPITAL, LLC,
a North Carolina limited liability company,

       Plaintiff,

v.                                                                                    CASE NO.:

SATORI WATERS, LLC, a Florida limited liability
company; LUXE WELLNESS, LLC, a Florida
limited liability company; KENSHO WELLNESS
GROUP, LLC, a Florida limited liability company;
TREATMENT RESOURCES OF MARGATE,
LLC, a Florida limited liability company; SW
LABS LLC, a Florida limited liability company;
ALMOST THERE LLC., a Florida limited liability
company; LABSURE LLC, a Florida limited
liability company; QUANTITATIVE LAB
SOLUTIONS, LLC, a Florida limited liability
company; ZENDO PROPERTIES, LLC, a Florida
limited liability company; SATORI WATERS III,
LLC, a Florida limited liability company; SATORI
WATERS IV, LLC, a Florida limited liability
company; RR INVESTCO LLC, a Florida limited
liability company; and RR MEDCO LLC, a Florida
limited liability company,

       Defendants.

_____/

**VERIFIED FORECLOSURE COMPLAINT**

       Plaintiff, Alpine Capital, LLC, a North Carolina limited liability company ("Plaintiff"), sues Defendants, Satori Waters, LLC, a Florida limited liability company; Luxe Wellness, LLC, a Florida limited liability company; Kensho Wellness Group, LLC, a Florida limited liability company; Treatment Resources of Margate, LLC, a Florida limited liability company; SW Labs LLC, a Florida limited liability company; Almost There LLC., a Florida limited liability company; LabSure LLC, a Florida limited liability company; Quantitative Lab Solutions, LLC, a

Florida limited liability company; Zendo Properties, LLC, a Florida limited liability company; Satori Waters III, LLC, a Florida limited liability company; Satori Waters IV, LLC, a Florida limited liability company; RR Investco LLC, a Florida limited liability company; and RR Medco LLC, a Florida limited liability company (collectively "Borrower"), and alleges:

## PARTIES, JURISDICTION AND VENUE

1. The Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and the parties are completely diverse.

2. Plaintiff is a limited liability company organized and existing under the laws of the State of North Carolina. As a limited liability company, Plaintiff's citizenship is determined by that of its members. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). Plaintiff has one member, Parallel South Holdings, Inc., a North Carolina corporation with its principal place of business in North Carolina, which for purposes of diversity is a citizen of North Carolina. *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 88 (2010) (In diversity cases, "corporations are citizens of their state of incorporation and their principal place of business."). Accordingly, Plaintiff is a citizen of North Carolina for diversity purposes.

3. Defendant Satori Waters, LLC is a limited liability company organized under the laws of the State of Florida. As a limited liability company, Satori Waters, LLC's citizenship is determined by that of its members. *Rolling Greens MHP, L.P.*, 374 F.3d at 1022. Satori Waters, LLC has seven members, Red Panda Consulting Corp ("Red Panda Corp"), Barry Reiman Psy.D, Inc ("Reiman, Inc"), Alzadah LLC, Douglas L. O'Keefe & Associates, P.A. ("O'Keefe PA"), The Richard Capezzali Trust ("Capezzali Trust"), Raymond Di Iulio Consulting, Inc. ("Di Iulio, Inc."), and Travis Broughton ("Mr. Broughton"). Red Panda Corp is a corporation

organized under the laws of the State of Florida with its principal place of business in Florida. Reiman, Inc. is a corporation organized under the laws of the State of Florida with its principal place of business in Florida. Upon information and belief, Alzadah LLC is a limited liability company organized under the laws of the State of Florida, whose members are all citizens of Florida for diversity purposes. Upon information and belief, O'Keefe PA is a professional association organized under the laws of the State of Florida, whose members are all citizens of Florida for diversity purposes. Upon information and belief, The Capezzali Trust is a trust organized under the laws of the State of Florida, whose members are all citizens of Florida for diversity purposes. Di Iulio, Inc. is a corporation organized under the laws of the State of Florida with its principal place of business in Florida. Finally, Mr. Broughton is an individual domiciled in the State of Florida. Accordingly, Satori Waters, LLC is a citizen of Florida for diversity purposes.

4. Defendant Luxe Wellness, LLC is a limited liability company organized under the laws of the State of Florida. As a limited liability company, Luxe Wellness, LLC's citizenship is determined by that of its members. *Rolling Greens MHP, L.P.*, 374 F.3d at 1022. Luxe Wellness, LLC has one member, Satori Waters, LLC, which is a citizen of Florida for diversity purposes. *See* ¶ 3, *supra*. Accordingly, Luxe Wellness, LLC is a citizen of Florida for diversity purposes.

5. Defendant Kensho Wellness Group, LLC is a limited liability company organized under the laws of the State of Florida. As a limited liability company, Kensho Wellness Group, LLC's citizenship is determined by that of its members. *Rolling Greens MHP, L.P.*, 374 F.3d at 1022. Kensho Wellness Group, LLC has one member, Satori Waters, LLC, which is a citizen of

3

Florida for diversity purposes. *See* ¶ 3, *supra*. Accordingly, Kensho Wellness Group, LLC is a citizen of Florida for diversity purposes.

6.      Defendant Treatment Resources of Margate, LLC is a limited liability company organized under the laws of the State of Florida. As a limited liability company, Treatment Resources of Margate, LLC's citizenship is determined by that of its members. *Rolling Greens MHP, L.P.*, 374 F.3d at 1022. Treatment Resources of Margate, LLC has one member, Satori Waters, LLC, which is a citizen of Florida for diversity purposes. *See* ¶ 3, *supra*. Accordingly, Treatment Resources of Margate, LLC is a citizen of Florida for diversity purposes.

7.      Defendant SW Labs LLC is a limited liability company organized under the laws of the State of Florida. As a limited liability company, SW Labs LLC's citizenship is determined by that of its members. *Rolling Greens MHP, L.P.*, 374 F.3d at 1022. SW Labs LLC has three members, Satori Waters, LLC, Scott Willard ("Mr. Willard"), and ReJeana Findlay ("Ms. Findlay"). Satori Waters, LLC is a citizen of Florida for diversity purposes. *See* ¶ 3, *supra*. Mr. Willard and Ms. Findlay are both individuals domiciled in the State of Florida. Accordingly, SW Labs LLC is a citizen of Florida for diversity purposes.

8.      Almost There LLC. is a limited liability company organized under the laws of the State of Florida. As a limited liability company, Almost There LLC.'s citizenship is determined by that of its members. *Rolling Greens MHP, L.P.*, 374 F.3d at 1022. Almost There LLC. has one member, Satori Waters, LLC, which is a citizen of Florida for diversity purposes. *See* ¶ 3, *supra*. Accordingly, Almost There LLC. is a citizen of Florida for diversity purposes.

9.      LabSure LLC is a limited liability company organized under the laws of the State of Florida. As a limited liability company, LabSure LLC's citizenship is determined by that of its members. *Rolling Greens MHP, L.P.*, 374 F.3d at 1022. LabSure LLC has one member,

Almost There LLC., which is a citizen of Florida for diversity purposes. *See* ¶ 8, *supra*. Accordingly, LabSure LLC is a citizen of Florida for diversity purposes.

10. Quantitative Lab Solutions, LLC was a limited liability company organized under the laws of the State of Florida, administratively dissolved on September 22, 2017. As a limited liability company, Quantitative Lab Solutions, LLC's citizenship is determined by that of its members. *Rolling Greens MHP, L.P.*, 374 F.3d at 1022. Upon information and belief, Quantitative Lab Solutions, LLC's membership consisted of Satori Waters, LLC and/or SW Labs LLC, which are both citizens of Florida for diversity purposes. *See* ¶¶ 3, 7, *supra*. Accordingly, Quantitative Lab Solutions, LLC is a citizen of Florida for diversity purposes.

11. Zendo Properties, LLC is a limited liability company organized under the laws of the State of Florida. As a limited liability company, Zendo Properties, LLC's citizenship is determined by that of its members. *Rolling Greens MHP, L.P.*, 374 F.3d at 1022. Zendo Properties, LLC has one member, Satori Waters, LLC, which is a citizen of Florida for diversity purposes. *See* ¶ 3, *supra*. Accordingly, Zendo Properties, LLC is a citizen of Florida for diversity purposes.

12. Satori Waters III, LLC is a limited liability company organized under the laws of the State of Florida. As a limited liability company, Satori Waters III, LLC's citizenship is determined by that of its members. *Rolling Greens MHP, L.P.*, 374 F.3d at 1022. Satori Waters III, LLC has one member, Satori Waters, LLC, which is a citizen of Florida for diversity purposes. *See* ¶ 3, *supra*. Accordingly, Satori Waters III, LLC is a citizen of Florida for diversity purposes.

13. Satori Waters IV, LLC is a limited liability company organized under the laws of the State of Florida. As a limited liability company, Satori Waters IV, LLC's citizenship is

determined by that of its members. *Rolling Greens MHP, L.P.*, 374 F.3d at 1022. Satori Waters IV, LLC has one member, Satori Waters, LLC, which is a citizen of Florida for diversity purposes. *See* ¶ 3, *supra*. Accordingly, Satori Waters IV, LLC is a citizen of Florida for diversity purposes.

14. RR Investco LLC is a limited liability company organized under the laws of the State of Florida. As a limited liability company, RR Investco LLC's citizenship is determined by that of its members. *Rolling Greens MHP, L.P.*, 374 F.3d at 1022. RR Investco LLC has one member, Satori Waters, LLC, which is a citizen of Florida for diversity purposes. *See* ¶ 3, *supra*. Accordingly, RR Investco LLC is a citizen of Florida for diversity purposes.

15. RR Medco LLC is a limited liability company organized under the laws of the State of Florida. As a limited liability company, RR Medco LLC's citizenship is determined by that of its members. *Rolling Greens MHP, L.P.*, 374 F.3d at 1022. RR Medco LLC has one member, Almost There LLC., which is a citizen of Florida for diversity purposes. *See* ¶ 8, *supra*. Accordingly, RR Medco LLC is a citizen of Florida for diversity purposes.

16. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred within this judicial district and a substantial part of the property that is the subject of this action is situated within this judicial district.

## GENERAL ALLEGATIONS

17. On or about November 21, 2016, Borrower and Plaintiff entered into a Credit and Security Agreement (the "Credit Agreement"). The Credit Agreement evidences certain Credit Extensions through a Term Credit Facility and a Revolving Credit Facility and encumbers certain personal property as Collateral (the "Collateral"), more particularly described in Exhibit

A to the Credit Agreement. A true and correct copy of the Credit Agreement is attached hereto as <u>Exhibit A</u>.

18.  In order to perfect its security interest in the Collateral, Plaintiff filed UCC-1 Financing Statements in the Florida Secured Transactions Registry as File Numbers 20160953833X, 201609538321, 201609538318, 201609538305, 201609538291, 201609538283, 201609538275, 201609538267, 201609538259, 201609538240, 201609538232, 201609538224, 201609538216[1] (the "Financing Statements"). True and correct copies of the Financing Statements are attached hereto as <u>Composite Exhibit B</u>.

19.  On or about December 5, 2016, Borrower and Plaintiff entered into a First Amendment to Credit and Security Agreement ("First Amendment"), making certain amendments to the Credit Agreement. A true and correct copy of the First Amendment is attached hereto as <u>Exhibit C</u>.

20.  In a letter dated March 10, 2017 ("First Notice and Reservation"), Plaintiff gave written notice to Borrower of certain events of default under the Credit Agreement, that the Default Rate of interest would apply, that certain distributions could not be made, and that Plaintiff reserved its rights under the Credit Agreement and corresponding loan documents. A true and correct copy of the First Notice and Reservation is attached hereto as <u>Exhibit D</u>.

21.  On or about May 23, 2017, Borrower and Plaintiff entered into a Waiver and Second Amendment to Credit and Security Agreement ("Second Amendment"), recognizing certain events of default and further amending the Credit Agreement. A true and correct copy of the Second Amendment is attached hereto as <u>Exhibit E</u>.

---

[1] The Financing Statements were all initially filed on November 22, 2016 at 5:06 p.m., but were incorrectly listed as filed on November 23, 2016. The filing numbers referenced herein are the corrected UCC-1 Filings. However, for ease of reference, both the initial and corrected filings are attached hereto.

22.     On or about June 9, 2017, Borrower executed and delivered to Plaintiff a Waiver and Third Amendment to Credit and Security Agreement ("Third Amendment"), recognizing certain events of default and further amending the Credit Agreement.  A true and accurate copy of the Third Amendment is attached hereto as Exhibit F.

23.     In a letter dated July 5, 2017 ("Second Notice and Reservation"), Plaintiff gave written notice to Borrower of certain events of default under the Credit Agreement, that the Default Rate of interest would apply, that certain distributions could not be made, and that Plaintiff reserved its rights under the Credit Agreement and corresponding loan documents.  A true and correct copy of the Second Notice and Reservation is attached hereto as Exhibit G.

24.     On or about July 28, 2017, Borrower and Plaintiff entered into a Forbearance Agreement (the "Forbearance Agreement").  A true and correct copy of the Forbearance is attached hereto as Exhibit H.

25.     On or about September 22, 2017, Borrower and Plaintiff entered into Amendment No. 1 to Forbearance Agreement (the "Forbearance Amendment", together with the Forbearance Agreement, the "Forbearance").  A true and correct copy of the Forbearance Amendment is attached hereto as Exhibit I.

26.     Borrower failed to comply with certain financial covenants, to provide proper financial statements and documents, to meet its obligations to Plaintiff in accordance with the terms and provisions of the Credit Agreement, Forbearance and corresponding loan documents.

27.     In a letter dated October 10, 2017 (the "Default Letter"), Plaintiff gave written notice to Borrower that Borrower had failed to, among other things, meet required weekly collections covenants; stay in compliance under its facilities leases; execute a letter of intent to engage in a Repayment Transaction (as defined in the Forbearance); provide Plaintiff with a list

of all insurance payors and contact information as required by the Credit Agreement and corresponding loan documents, including the Forbearance; and that Borrower's failure constituted a default pursuant to the Credit Agreement and corresponding loan documents, including the Forbearance.  The Default Letter terminated the Forbearance and declared the entire outstanding principal indebtedness and all obligations under the Credit Agreement and corresponding loan documents accelerated and demanded immediate payment in full of the entire unpaid principal balance of the Credit Agreement and corresponding loan documents, plus accrued and unpaid interest thereon and the costs and expenses of Plaintiff.  A true and correct copy of the Default Letter is attached hereto as Exhibit J.

28. Borrower did not pay principal and interest under the Credit Agreement and corresponding loan documents as provided in the Default Letter.

29. Borrower continues to be in default under the terms and provisions of the Credit Agreement and corresponding loan documents and is currently in default under the terms thereof in a principal amount of $3,304,117.64 as of October 16, 2017, plus interest, default interest, attorney's fees, court costs, and all other amounts due and owing.

30. All conditions precedent to Borrower's obligations to pay Plaintiff the indebtedness due and payable under the Credit Agreement and corresponding loan documents, and to Plaintiff's right to bring this action have been performed, have occurred, or have otherwise been waived by Borrower's conduct.

31. Plaintiff has found it necessary to employ and retain the services of McGuireWoods LLP and Berger Singerman LLP in connection with the collection of indebtedness due under the Credit Agreement and corresponding loan documents and has agreed to pay its attorneys a reasonable fee for services rendered in connection with this lawsuit.

## COUNT I
### (Action to Foreclose Security Interest)

32. This is an action by Plaintiff against the Defendants to foreclose a security interest in certain personal property located in the State of Florida.

33. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 31 of the Complaint.

34. On or about November 21, 2016, Borrower executed and delivered to Plaintiff the Credit Agreement, which provides Plaintiff with a security interest in the all assets of Borrower, including all of Borrower's right, title and interest in and to certain personal property as more fully described in Exhibit A to the Credit Agreement. Section 10 of the Credit Agreement further provides that Plaintiff shall be entitled to collect all fees, costs and expenses incurred in pursuing its remedies under the loan documents, including reasonable attorney's fees.

35. The security interest of Plaintiff in the equipment, furnishings, personal property, accounts intangibles, accounts, proceeds and other Collateral which is more particularly described in the Credit Agreement has been duly and properly perfected.

36. Borrower's security interest in the personal property and other collateral forming a part of the Collateral is perfected by its filing of the Financing Statements.

37. Borrower has defaulted in its obligations pursuant to the Credit Agreement, all as alleged herein, and by reason of said defaults, Plaintiff is entitled to cause said collateral to be sold to satisfy the amount due Plaintiff from Borrower.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment:

    a. Adjudging the lien of Plaintiff in the Collateral, which is the subject of this claim, senior and superior to the claims of any Defendant, or any other creditor, and any and all persons claiming by, through, and/or against any

Defendant, and foreclosing the interest of any Defendant and/or creditor, and any and all persons claiming by, through, and/or against any Defendant;

      b.      Adjudging the amount due Plaintiff as principal, interest, default interest, attorney's fees, court costs, and all other charges permitted under the Credit Agreement;

      c.      Adjudging that the property, which is the subject of this claim, be sold under and pursuant to the Judgment of this Court on the date set by this Court;

      d.      Awarding for the benefit of Plaintiff such other relief as the Court may deem necessary and appropriate; and

      e.      Retaining jurisdiction of this action for the necessary issuance of all further orders that are necessary and proper under the circumstances.

## COUNT II
### (Action to Appoint Receiver)

38. This is an action to appoint a receiver.

39. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 31 of the Complaint.

40. Plaintiff demands the appointment of a receiver to protect and preserve the Collateral.

41. Pursuant to the terms of the Credit Agreement, Borrower is required to operate and maintain the Collateral in good condition and prohibit the occurrence of waste on the Collateral.

42. Borrower has defaulted under the Credit Agreement, Forbearance and corresponding loan documents, all as alleged herein.

43. Upon information and belief, the Collateral is likely not of sufficient value to satisfy the debt evidenced by the Credit Agreement and corresponding loan documents, and Borrower has no incentive to operate and maintain the Collateral as required by the Credit Agreement and corresponding loan documents.

44. Further upon information and belief, Borrower has committed waste of and upon the Collateral through an increasingly aged accounts receivable that may become uncollectable and decreasing collections, all to the detriment of the Collateral and prospects of continued business operations.

45. Also upon information and belief, Borrower has allowed its required licensing to lapse to the detriment of its patients' safety, continued business operations, and the Collateral.

46. Plaintiff needs to ensure that all revenues or profits which have been and are being generated from the operation of the Collateral are properly utilized for, among other things, the payment of all monetary obligations under the Credit Agreement and corresponding loan documents and for the operation and maintenance of the Collateral, and that the Collateral is adequately operated and maintained on an ongoing basis for the benefit of Plaintiff and Borrower's patients.

47. By reason of the foregoing, Plaintiff is entitled to the appointment of a receiver to operate and maintain the Collateral and to prevent any further occurrence of waste to the Collateral, for the benefit of Plaintiff.

WHEREFORE, Plaintiff requests the Court enter an Order appointing a receiver of the Collateral in accordance with Federal law.

## COUNT III
### (Action for Damages to Enforce Credit Agreement)

48. This is an action by Plaintiff against Borrower to enforce the terms and obligations of the Credit Agreement and for a judgment for damages.

49. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 31 of the Complaint.

50. Plaintiff is a party to the Credit Agreement executed by Borrower as alleged herein.

51. Borrower has defaulted under the Credit Agreement, Forbearance and corresponding loan documents, all as alleged herein.

52. As a direct result of Borrower's defaults under the Credit Agreement, Forbearance and corresponding loan documents, all outstanding amounts due under the Credit Agreement and corresponding loan documents are due and owing and have not been paid, all as alleged herein.

WHEREFORE, Plaintiff respectively requests that this Court enter judgment for the amount due and owing by Borrower to Plaintiff under the Credit Agreement and corresponding loan documents, including principal, interest, default interest, attorney's fees and court costs, and such other relief as the Court may deem necessary and appropriate and that the Court retain jurisdiction of this action for the issuance for all further orders that are necessary and proper.

## 28 U.S.C. § 1746 VERIFICATION

Under penalty of perjury, I declare that I have read the foregoing, and the facts alleged therein are true and correct.

By: _____
Printed Name: Alan G. Regdos, II
Title: Chief Executive Officer
Company: Alpine Capital, LLC

Date: 10/16/17

Dated: October 16, 2017 McGuireWoods LLP

By: */s/ Sara F. Holladay-Tobias*
Sara F. Holladay-Tobias
Florida Bar No. 0026225
C. H. Houston III
Florida Bar No. 0100268
50 N. Laura Street, Suite 3300
Jacksonville, FL  32202
(904) 798-3200
(904) 798-3207 (fax)
stobias@mcguirewoods.com
hhouston@mcguirewoods.com
flservice@mcguirewoods.com

-and-

Anthony J. Carriuolo
Florida Bar No. 434541
acarriuolo@bergersingerman.com
BERGER SINGERMAN LLP
350 East Las Olas Boulevard, Suite 1000
Fort Lauderdale, FL  33301
Telephone:  (954) 525-9900

*Attorneys and Trial Counsel for Alpine Capital, LLC*

15