UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

ALPINE CAPITAL, LLC,
a North Carolina limited liability company,

    Plaintiff,

v.                 CASE NO.: 9:17-cv-81164

SATORI WATERS, LLC, a Florida limited liability
company; et al.,

    Defendants.

_____

## AGREED AND STIPULATED ORDER GRANTING SECOND AMENDED MOTION TO APPOINT RECEIVER

Before the Court is Plaintiff Alpine Capital, LLC's Second Amended Motion to Appoint Receiver (DE #14) ("Motion"). Having reviewed the record, and based upon the consent of the parties, the Court finds that Plaintiff's Motion should be granted. Accordingly, it is ORDERED:

1. Plaintiff's Motion is GRANTED.

2. Anderson Bauman Tourtellot Vos & Co. (the "Receiver") is hereby appointed as receiver of all of Defendants' personal property as more particularly described on the attached **Exhibit A** (the "Collateral") to direct and control the orderly wind-down of Defendants' businesses, including the marketing and sale of Defendants' detoxification facility, accounts receivable and other Collateral until the indebtedness owed to Plaintiff is satisfied in full. Edward J. Sanz, a Partner with the Receiver, will be principally responsible for managing the Receiver's duties and responsibilities in this action.

3. The Receiver shall, within fifteen (15) days after the date of this Order, file a good and sufficient bond in the sum of Five Thousand Dollars ($5,000.00) conditioned upon the

full and faithful performance of his duties as Receiver as prescribed by this Order and by such further orders of this Court as may be made and entered.

4. The Receiver is authorized to immediately enter upon, receive, take and have possession of the Collateral. Until further order of this Court or until Defendants' Indebtedness to Plaintiff under the Credit Agreement (as defined in the Motion) is paid in full, the Receiver shall have complete and exclusive control, possession and custody of the Collateral and shall direct Defendants' financial activities.

5. Defendants and their officers, servants, agents, managers, members, employees, attorneys and other persons in active concert or participation with them, who have possession of the Collateral, are ordered to deliver immediately to the Receiver all of the Collateral, and they, and each of them, are enjoined from interfering in any way with the Receiver or with any of the Collateral until the further order of this Court or until Defendants' Indebtedness to Plaintiff under the Credit Agreement (as defined in the Motion) is paid in full.  Defendants and their officers, servants, agents, managers, members, employees, attorneys are prohibited from soliciting, negotiating or marketing the sale of the Collateral without the Receiver's prior written authorization or involvement.  No agreement or contract concerning the marketing, distribution or sale of the Collateral shall be binding or enforceable unless approved in writing by the Receiver.

6. Defendants and their officers, servants, agents, managers, members, employees, attorneys and other persons in active concert or participation with them, who have possession of the Collateral, are further ordered to deliver to the Receiver or his representative, all keys, combinations to locks and pass codes required to open or gain access to any part of the Collateral, and all money deposited in any bank to the credit of Defendants, or any one of them,

relating to the Collateral, all contracts, written agreements, rent rolls or accounts for the maintenance, operation and management of the Collateral, and any other money or things of value of said Defendants relating to the Collateral.

7. The Receiver is hereby granted all the usual, necessary and incidental powers for the purpose of taking possession of, operating, controlling, marketing for sale, and safeguarding the Collateral, and winding down Defendants' business operations, including the power to (a) appoint, retain and/or terminate such agents and/or employees as the Receiver considers necessary to enable the Receiver to perform the Receiver's duties; (b) to open such bank accounts as deemed necessary for the deposit and maintenance of funds received from or in connection with the Collateral; (c) to make, execute, deliver and terminate any contracts or leases for the benefit of the Collateral; (d) to collect rents, income, profits, issues and revenues from the Collateral; (e) to pay all reasonable expenses for the operation, management and maintenance of the Collateral; (f) to purchase and carry insurance of any kind and in such amounts as the Receiver deems advisable for the benefit of the Collateral; (g) to pay all taxes and assessments on the Collateral; (h) to maintain such reserves as deemed necessary for the operation and maintenance of the Collateral; and (i) to retain and set aside such funds as may be available to be applied to the payment of the obligations to Plaintiff as the holder of the secured interest on the Collateral, pending further Order of this Court.

8. However, the Receiver shall not oversee, operate, or otherwise participate in the prevention, treatment, or detoxification services provided to patients. Rather, the Receiver shall solely operate and maintain the financial stability and functions of the Collateral.

9. Within five (5) days from the date of this Order, the Receiver shall prepare and deliver to Plaintiff for consideration a draft budget through November 17, 2017 (the "Initial

Budget") for the orderly sale of the Collateral.  Within ten (10) days from the date of this Order, the Receiver and Plaintiff shall agree on and file the Initial Budget in this proceeding.  For the periods following the expiration of the Initial Budget, if any, the Receiver shall prepare and deliver to Plaintiff for consideration a draft budget for such subsequent period(s) ten (10) days prior to expiration of the immediately preceding budget, and the Receiver and the Plaintiff shall file an agreed-upon budget within five (5) days prior to expiration of the immediately preceding budget.  The Receiver and Plaintiff can negotiate the duration of any subsequent budget(s).  If the Receiver and Plaintiff cannot agree on the Initial Budget or any subsequent budget to file by the deadlines herein, the Receiver and Plaintiff shall notify the Court and request a hearing on an expedited basis.

10. Within fifteen (15) days from the date of this Order, the Receiver shall conduct an initial review of the Collateral and Defendants' businesses, and file in the Clerk's office, under seal, an initial report with a general summary of the Collateral, the status of Defendants' businesses, the anticipated marketing and sale processes for the Collateral, any offers to purchase, letters of intent, term sheets or other expressions of interest for the purchase of the Collateral, and any additional information the Receiver believes may be beneficial to the Court.

11. Within fifteen (15) days from the date of this Order, the Receiver shall file in the Clerk's office a true and complete inventory under oath of the Collateral coming under the receiver's control or possession under the Receiver's appointment.

12. No less than every month after the initial inventory report, the Receiver shall, unless otherwise ordered by this Court, file in the Clerk's office an inventory and account under oath of any additional property or effects which the Receiver has discovered or which shall have come to the Receiver's hands since appointment, and of the amount remaining in the hands of or

invested by the Receiver, and of the manner in which the same is secured or invested, stating the balance due from or to the Receiver at the time of rendering the last account and the receipts and expenditures since that time.

13. During the pendency of the receivership, the Receiver shall be entitled to the following compensation without further Court approval, payable from the assets and income of the receivership as an expense of the receivership:

    a. An hourly fee of $350.00 per hour for all non-travel work performed pursuant to this Order and $200.00 per hour for all travel time, with such fees to be capped at $40,000.00 per month.

    b. Reasonable travel expenses and other out of pocket incidental costs related to conducting the receivership business.

14. If sufficient funds for payment of the fees and expenses under paragraph 13 or for payment of the liabilities and expenses of the receivership are not available from cash flow generated by Defendants, then funds for such expenses may be advanced by Plaintiff in its sole discretion and, if advanced, Plaintiff shall be repaid therefor from the proceeds of any liquidation of Defendants, after the payment of the expenses of sale. If Plaintiff refuses to advance funds for such purposes, then the Receiver in its discretion may cease operations and proceed to liquidate Defendant and/or its assets.

15. The Receiver shall be permitted to resign on not less than 30 days' notice and application to this Court. Upon receipt of the Notice of Resignation, the parties shall propose one or more substitute receivers, and a substitute receiver shall be appointed at the hearing on the Receiver's Motion for Resignation.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this action for all purposes. The Receiver is authorized, empowered, and directed to apply to this Court, with notice to the parties, for issuance of whatever additional orders may be necessary and appropriate in order to carry out the mandate of this Court.

IT IS FURTHER ORDERED that this Order will remain in effect until modified by further order of this Court.

DONE AND ORDERED this 20th day of October, 2017.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Stipulated and Agreed to by:

<table>
<tr><td>

**Plaintiff, Alpine Capital, LLC**

By:    */s/ Sara F. Holladay-Tobias*
      Sara F. Holladay-Tobias
      Florida Bar No. 0026225
      C. H. Houston III
      Florida Bar No. 0100268
      McGuireWoods LLP
      50 N. Laura Street, Suite 3300
      Jacksonville, FL 32202
      Telephone: (904) 798-3200
      Facsimile: (904) 798-3207
      stobias@mcguirewoods.com
      hhouston@mcguirewoods.com
      flservice@mcguirewoods.com

           -and-

  Anthony J. Carriuolo
  Florida Bar No. 434541
  acarriuolo@bergersingerman.com
  BERGER SINGERMAN LLP
  350 East Las Olas Boulevard
  Suite 1000
  Fort Lauderdale, FL 33301
  Telephone: (954) 525-9900

*Attorneys and Trial Counsel for Alpine Capital, LLC*

</td><td>

**Defendants Satori Water, LLC; RR Medco, LLC; LabSure LLC; RR Investco, LLC; Almost There LLC; SW Labs LLC; Satori Waters III, LLC; Zendo Properties, LLC; Treatment Resources of Margate LLC; Satori Waters IV, LLC; Luxe Wellness, LLC; Kensho Wellness Group, LLC; Quantitative Lab Solutions, LLC**

By:   /s/ *Patrick E. Gonya, Jr.*
     Patrick E. Gonya, Jr.
     Florida Bar No. 100020
     Carey Rodriguez Milian Gonya, LLP
     1395 Brickell Avenue, Suite 700
     Miami, FL 33131
     Telephone: 305-356-5478
     pgonya@careyrodriguez.com

*Attorneys for Defendants*

</td></tr>
</table>

## **EXHIBIT A**

Description of Collateral

The Collateral consists of all assets of Defendants, including all of Defendants' right, title and interest in and to the following personal property:

(a) all goods, Accounts (including health-care insurance receivables), Equipment, Inventory, contract rights or rights to payment of money, leases, license agreements, franchise agreements, General Intangibles, commercial tort claims, documents, instruments (including any promissory notes), chattel paper (whether tangible or electronic), cash, deposit accounts, investment accounts, commodity accounts and other Collateral Accounts, all certificates of deposit, fixtures, letters of credit rights (whether or not the letter of credit is evidenced by a writing), securities, and all other investment property, supporting obligations, and financial assets, whether now owned or hereafter acquired, wherever located;

(b) [reserved]

(c) all Defendants' Books relating to the foregoing, and any and all claims, rights and interests in any of the above and all substitutions for, additions, attachments, accessories, accessions and improvements to and replacements, products, proceeds and insurance proceeds of any or all of the foregoing;

provided, however, that real property shall be excluded.

Capitalized terms used in this Description of Collateral shall have the meanings provided in the Credit Agreement (as defined in the Motion).