**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 9:17-CV-81164-ROSENBERG/REINHART

ALPINE CAPITAL, LLC,

   Plaintiff,

v.

SATORI WATERS, LLC, et al.,

   Defendants.

_____/

**ORDER DENYING RECEIVER'S MOTION**
**TO COMPEL TURNOVER OF COLLATERAL**

This cause is before the Court upon the Receiver's Motion to Compel Compliance with Court Order, Turnover of Collateral, and Accounting [DE 107]. The Motion has been fully briefed. For the reasons set forth below, the Motion is denied.

Plaintiff initiated this foreclosure action. DE 1. Upon the consent of all parties, this Court appointed a receiver to take control of the assets in foreclosure. DE 16. Upon motion by Plaintiff, the Court later appointed a new receiver to replace the old receiver. DE 81. Now, the operative Receiver has filed the instant Motion before the Court by arguing that a certain third party, In the Rooms, Inc. ("ITR"), has failed to comply with the Court's order appointing the Receiver. Specifically, the Receiver points out that pursuant to the Court's appointing order the Receiver has "completely and exclusive control" of the collateral which is defined as "all assets of Defendants." DE 107 at 2. Notwithstanding the foregoing, the Receiver argues, ITR has refused to turn over certain assets (that belong to Defendants) to the Receiver.

In response, ITR argues that (i) it owns the assets—not Defendants—and (ii) that a motion to compel is not the proper vehicle for the Court to resolve the ownership of the disputed assets. With respect to ITR's second argument, the Court agrees. As an initial matter, it is not apparent to this Court that ITR, as a third party, was subject to the Court's order appointing receiver. In any event, ITR disputes whether certain assets are owned by Defendants. As a result, ITS disputes whether those assets are collateral that was subject to the Court's order appointing receiver. The proper vehicle to resolve this dispute is either a motion for summary judgment or trial. When the Court became aware of the dispute between ITR and Plaintiff, the Court offered to expedite trial, expedite the deadline for dispositive motions, or refer this matter to a settlement conference before a magistrate judge. DE 67. The parties declined all three of the Court's suggestions. Instead, Plaintiff and the Receiver have pursued the instant Motion to Compel.

Local Rule 56.1 serves a vital purpose in "help[ing] the court identify and organize the issues in the case." *Mann v. Taser Int'l*, 588 F.3d 1291, 1303 (11th Cir. 2009). Given its import to the judicial process, the Eleventh Circuit holds the local rule governing summary judgment in "high esteem." *Reese v. Herbert*, 527 F.3d 1253, 1268 (11th Cir. 2008). The undersigned has extensive, detailed procedures for motions for summary judgment which the parties have not complied with by raising the instant dispute in a motion to compel.

The Court will not rule on the disposition of contested assets, a highly disputed issue in this case—perhaps the only real issue in contention in this case—in the form of a motion to compel. The parties must either try this issue or comply with Local Rule 56.1 and the Court's order of requirements for motions for summary judgment. The Court again offers to expedite trial in this matter, to expedite the deadline for dispositive motions, or to refer this matter for a

settlement conference before a magistrate judge. Should any party wish to invoke any of these procedures, the party should file a notice indicating such to the Court within three (3) business days of the date of rendition of this Order.

For the reasons set forth above, it is hereby **ORDERED AND ADJUDGED** that the Receiver's Motion to Compel [107] is **DENIED**.

**DONE and ORDERED** in Chambers, Fort Pierce, Florida, this 21st day of May, 2018.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record