ALPINE CAPITAL, LLC,

    Plaintiff,

v.

SATORI WATERS, LLC, et al.,

    Defendants.

_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on Plaintiff's Motion for Summary Judgment [DE 154]. The motion has been fully briefed. For the reasons set forth below, the Motion is granted.

Plaintiff is a creditor. Plaintiff extended credit to the Defendants in this case. Plaintiff instituted this foreclosure action on October 17, 2017, alleging that because the Defendants were in default Plaintiff was entitled to foreclose on Defendants' assets. While this suit was pending, a third party, In the Rooms, Inc. ("ITR"), appeared in the case. ITR contended that some of the Defendants' assets actually belonged to ITR and, as a result, Plaintiff could not foreclose upon those assets. In response, Plaintiff amended its Complaint to make ITR a Defendant. Plaintiff's Count I seeks foreclosure and enforcement of its security interest against all Defendants. Plaintiff's Count II is a claim for damages against the borrower-Defendants ("Satori"). Plaintiff's Count III seeks declaratory relief in the form of a declaration that Plaintiff is the owner of the assets that ITR sold to Satori. Plaintiff has moved for summary judgment as to each count. ITR responded to the Motion for Summary Judgment, but Satori did not.

This Court previously acknowledged Plaintiff's financial need for expediency in this case. DE 67 at 3. The Court also recognizes that throughout this case Satori has readily conceded that it cannot meet its financial obligations to Plaintiff. *E.g.*, DE 76. Despite Satori's concession, this case has accumulated over one hundred and seventy docket entries and Plaintiff has incurred a large amount of fees and costs. *See, e.g.*, DE 134 (awarding a former receiver in this case over two hundred thousand dollars in costs and expenses). The Court has therefore endeavored to render this decision in the most expeditious manner possible.[1]

The Statement of Material Facts supporting Plaintiff's Motion for Summary Judgment contains proper and sufficient citations to record evidence. Plaintiff has properly cited to record evidence for each of the facts contained in its Statement, including that: (1) Satori entered into a credit agreement with Plaintiff, (2) Plaintiff had a first-position lien against all of Satori's collateral supporting the credit agreement, (3) Plaintiff perfected its lien, and (4) Satori is insolvent and has defaulted on the terms of the credit agreement. DE 155. Plaintiff has also properly cited to record evidence against Defendant ITR, including the following: (1) ITR entered into an asset purchase agreement with Satori, (2) ITR was paid pursuant to the terms of the asset purchase agreement, (3) all parties acted in accordance with the asset purchase agreement without any indication there were any problems with the agreement, (4) ITR executed a subordination agreement with Plaintiff wherein ITR agreed to subordinate any indebtedness owed to it by Satori to Plaintiff's debt, and (5) Plaintiff is entitled to foreclose upon the collateral that ITR sold to Satori. *Id.*

---

1 Plaintiff's Reply in support of its Motion for Summary Judgment was filed on August 10, 2018.

In response to Plaintiff's evidence, ITR facially asserts that it "disputes" some of the foregoing facts, but ITR does not cite to any evidence. ITR's Response to Plaintiff's Statement appears as follows:

| | | |
|---|---|---|
| 1. | | Undisputed. |
| 2. | | Disputed. |
| 3. | | Undisputed. |
| 4. | | Undisputed. |
| 5. | | Undisputed. |
| 6. | | Disputed. |

DE 171. ITR was made aware of the need to cite to evidence for a disputed fact in three different ways. First, Federal Rule of Civil Procedure 56(c)(1) states that if a fact is disputed, the dispute must be supported by "citing to particular parts of materials in the record." Second, Local Rule 56.1 requires a statement submitted in opposition to a motion for summary judgment to "[b]e supported by specific references to pleadings, depositions, answers to interrogatories, admissions, and affidavits on file with the Court." Third and finally, the undersigned expressly informed ITR (together with visual examples) of the requirement to cite evidence. In the Court's order setting trial at docket entry 40, the Court informed all of the parties that: "Each material fact in the statement that requires evidentiary support shall be supported by a specific citation. This specific citation shall reference pages (and line numbers, if necessary) of exhibits." Local Rule 56.1 informs litigants of the consequence of failing to

properly cite evidence in response to a supported statement of material facts.[2]  Local Rule 56.1(b) reads:

> All material facts set forth in the movant's statement filed and supported as required above **will be** deemed admitted unless controverted by the opposing party's statement.

(emphasis added).  Local Rule 56.1(b), the Court's order setting trial, and Federal Rule of Civil Procedure 56 each compel this Court to deem all of Plaintiff's facts admitted by ITR.  As a result, ITR has admitted all of the facts supporting Plaintiff's Motion for Summary Judgment.  Satori, by virtue of its failure to file any response, has also admitted all of the facts supporting Plaintiff's Motion.[3]

By virtue of Defendants' admissions, summary judgment must be entered in Plaintiff's favor.  As adequately set forth in Plaintiff's Reply:

---

[2] The Court, in its order setting trial, also informed ITR that a failure to comply with the citation requirements in the order could result in sanctions.

[3] Subsequent to ITR's admission of all of Plaintiff's material facts, ITR offers additional facts.  Additional facts, although permissible in a response to a statement of material facts, are necessarily limited in scope insofar as the additional facts must be, by definition, *an addition*.  Additional facts may not be used to dispute the movant's proffered material facts.  *See, e.g.*, Local Rule 56.1.  Evidence cited to oppose a movant's material facts must "correspond with the order and with the paragraph numbering scheme used by the movant." *Id.*

> ITR's response admits all of the allegations that are material to Alpine's claims. Specifically, ITR admits that (1) ITR entered into the Purchase Agreement with Satori on August 18, 2015, to sell its assets to Satori; (2) per the terms of the Purchase Agreement, Satori executed a Promissory Note payable to ITR for $500,000; (3) ITR received a $50,000 payment on the Promissory Note; (4) no one disclosed to Satori any potential issues with the enforceability or validity of the Purchase Agreement before it was executed; (5) ITR, Tannebaum, and Pomerance acted in accordance with the Purchase Agreement by working for Satori, receiving compensation from Satori, and executing the Subordination Agreement; (6) Alpine and Satori executed a Credit Agreement on November 21, 2016, secured by Satori's assets; (7) ITR signed the Subordination Agreement agreeing to subordinate its $500,000 Promissory Note as well as "any and all other indebtedness . . . owing by Satori" to Alpine's debt; (8) Satori defaulted on the Credit Agreement; and (9) Alpine is entitled to foreclose on its Collateral.

DE 176 at 2. However, even if Plaintiff was not entitled to summary judgment against ITR as a factual matter (by virtue of ITR's admissions), the Court would still enter summary judgment in Plaintiff's favor as a matter of law. This is because the foundation for ITR's argument that it owns the contested assets is legally without merit. ITR asserts that the contested assets belong to ITR because, *inter alia*, pursuant to the terms of the asset purchase agreement it executed with Satori, if Satori were to become insolvent then the assets would revert back to ITR's ownership. That contention is without merit for many reasons—including the fact that ITR readily concedes that it executed a subordination agreement with Plaintiff. When ITR subordinated its interest in the assets to Plaintiff's interest, any obligation that Satori may have

had to return assets to ITR's ownership must yield to Plaintiff's first-position lien on the very same assets. ITR agreed to the following:

1. <u>Subordination</u>.

    1.1 The Junior Lender hereby subordinates the indebtedness evidenced by the Junior Note, and any and all other indebtedness now or at any time or times hereafter owing by the Borrower, or any successor or assign of the Borrower, including without limitation, a receiver, trustee or debtor-in-possession (the term "Borrower" as used hereinafter shall include any such successor or assign) to the Junior Lender, whether such indebtedness is absolute or contingent, direct or indirect and howsoever evidenced, including without limitation, all interest thereon, including pre-petition and post-petition interest, fees and expenses and any other charges, and any refinancings thereof (collectively, the "Junior Debt") to any and all indebtedness now or at any time hereafter owing by the Borrower to the Senior Lender, whether absolute or contingent, direct or indirect and howsoever evidenced, including, but not limited to, all pre-petition and post-petition interest thereon, fees, expenses and all other demands, claims, liabilities or causes of action for which the Borrower may now or at any time or times hereafter in any way be liable to the Senior Lender,

DE 107-5 at 3. Because each of the legal arguments supporting Plaintiff's Motion for Summary Judgment and Reply are correct, persuasive, and virtually uncontested by Defendants, each of the legal grounds in Plaintiff's Motion and Reply are incorporated and adopted into this Order.

For all of the foregoing reasons, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion for Summary Judgment [DE 154] is **GRANTED** in its entirety and summary judgment is entered in favor of Plaintiff as to all counts. The Clerk of the Court shall **CLOSE THIS CASE**. Plaintiff is directed to file a motion on the issue of the proper quantification of damages (as to Count II), together with a proposed final judgment (as to all counts), within seven days of the date of rendition of this Order.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 13th day of August, 2018.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to: Counsel of Record